STEELMAN, Judge.
The trial court correctly determined that plaintiff's verified complaint did not raise genuine issues of material fact and properly granted defendants' motion for summary judgment.
I. Factual and Procedural Background
In October of 2013, Joseph Michael Griffith (plaintiff), a resident of Columbus County, was incarcerated in the North Carolina Division of Adult Corrections. On 21 October 2013, plaintiff filed a complaint against various defendants involved with the facility, alleging that defendants had interfered with his constitutionally protected right to practice his Wiccan religion. On 8 May 2014, defendants, collectively, filed a motion for summary judgment, including four detailed affidavits, which set forth prison policies concerning religious practices by inmates, and policies specifically applicable to the practice of the Wiccan faith in the Department.
On 30 May 2014, plaintiff filed an unverified document styled as "Plaintiff's Opposition to Defendants' Motion for Summary Judgment." On 9 June 2014, the trial court heard arguments on defendants' motion for summary judgment. On 18 July 2014, the trial court entered summary judgment in favor of defendants.
Plaintiff appeals.
II. Standard of Review
"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " In re Will of Jones,362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting Forbis v. Neal,361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) ).
III. Analysis
Through five different arguments, plaintiff contends that the trial court erred in granting summary judgment in favor of defendants. We disagree.
In his complaint, plaintiff made several claims for relief. Each claim contended that defendants' policies violated plaintiff's right to religious freedom guaranteed by the Constitutions of North Carolina and the United States. Plaintiff alleged that his "sacred religious items box" was confiscated, alleged a list of items he needed to perform his religious observances, and that defendants had violated his Constitutionally protected rights.
In response to defendants' motion for summary judgment, which was accompanied by supporting affidavits, plaintiff could not rely solely upon the allegations in his complaint. See Page v. Sloan,281 N.C. 697, 705, 190 S.E.2d 189, 194 (1972) (holding that a "plaintiff cannot rely on her verified complaint to defeat defendants' motion, accompanied, as it is, by competent affidavits and depositions"). Nor does plaintiff's complaint raise any genuine factual issues. The complaint alleged simply that plaintiff possessed certain items, that they were confiscated, and that plaintiff needed them for religious reasons. Defendants' motion did not challenge these facts; rather, defendants offered affidavits detailing policies and explanations for their actions. Given the lack of dispute with respect to the facts, the sole issue before the court was the legal effect of those facts. Specifically, the issue was whether the actions of defendants, in confiscating defendant's ritual objects and refusing to provide him with others, constituted a violation of plaintiff's constitutional rights, and whether defendants were entitled to judgment as a matter of law.
We hold that there were no genuine issues of material fact raised by plaintiff's verified complaint. The trial court did not err in granting summary judgment in favor of defendants.
AFFIRMED.
Judges HUNTER, JR., ROBERT N. and DAVIS concur.
Report per Rule 30(e).
Opinion
Appeal by plaintiff from order entered 18 July 2014 by Judge Gale Adams in Columbus County Superior Court. Heard in the Court of Appeals 20 May 2015.